UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES R. WADE | CIVIL ACTION |
| VERSUS | NO. 17-4624 |
| BP EXPLORATION & PRODUCTION, INC., ET AL. | SECTION "R" (1) |

# ORDER AND REASONS

Before the Court is plaintiff's motion for reconsideration[1] of this Court's Order and Reasons[2] excluding plaintiff's sole causation expert and granting summary judgment to defendants. Defendants BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c. (collectively, the "BP parties") oppose plaintiff's motion for reconsideration.[3] For the following reasons, the Court denies plaintiff's motion for reconsideration.

## I. BACKGROUND

---

[1]   R. Doc. 66.
[2]   R. Doc. 63.
[3]   R. Doc. 67.  The remaining defendants, Halliburton Energy Services, Inc., Transocean Deepwater, Inc., Transocean Holdings, LLC, and Transocean Offshore Deepwater Drilling, Inc., joined in the BP parties' motion for summary judgment and motion *in limine*.  *Id.* at 1.

1

This case arises from plaintiff's alleged exposure to toxic chemicals following the *Deepwater Horizon* oil spill in the Gulf of Mexico.[4] Plaintiff alleged that he performed cleanup work collecting oil and contaminated debris from breaches in Mississippi beginning in April 2010, and that through this work, he was exposed to crude oil and dispersants that caused a variety of health issues.[5] Plaintiff brought claims for general maritime negligence, negligence per se, and gross negligence against defendants.[6]

Plaintiff submitted an expert report from Dr. Jerald Cook, an occupational and environmental physician, to demonstrate that exposure to crude oil, weathered oil, and dispersants can cause the symptoms he alleged in their complaint.[7] Dr. Cook was plaintiff's only expert on the issue of general causation.[8] This Court excluded the testimony of Dr. Cook as unreliable and unhelpful under Fed. R. Civ. P. 702 because, among other issues, Dr. Cook did not identify what level of exposure to the specific chemicals to which plaintiff was exposed is necessary to be capable of causing the specific conditions plaintiff complained of.[9] Because expert testimony is

---

[4]   R. Doc. 63 at 2.
[5]   *Id.* at 2.
[6]   *Id.* at 3.
[7]   *Id.*
[8]   *Id.* at 31.
[9]   *Id.* at 19.

required to establish general causation in toxic tort cases, and plaintiff's sole expert witness on the issue of general causation was excluded, this Court granted defendants' motion for summary judgment.[10]

Plaintiff now moves under Rule 59(e) for reconsideration of the Court's Order and Reasons excluding Dr. Cook's testimony and granting defendants' motion for summary judgment. Plaintiff contends that because defendants did not timely produce an adequate 30(b)(6) deponent, it has only recently been able to depose witnesses on the issue of the BP parties' alleged failure to conduct biomonitoring.[11] He argues that this evidence goes "to the heart of the general causation issue," so he should be able to respond to defendants' summary judgment motion with the benefit of this new deposition testimony.[12]

In response, the BP parties contend that plaintiff presents no new evidence or argument; rather, he simply rehashes the arguments he presented in response to defendants' motion *in limine* in contravention of Rule 59(e).[13] They further argue that the issue of discovery sanctions is irrelevant to general causation.[14]

---

[10]  *Id.* at 32-33.
[11]  R. Doc. 66-1 at 1.
[12]  *Id.* at 3.
[13]  R. Doc. 67 at 5.
[14]  *Id.* at 6.

3

The Court considers the motion below.

## II.   LEGAL STANDARD

A district court has "considerable discretion" under Rule 59(e).  *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).  That said, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."  *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).  "The Court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts."  *Edward H. Bohlin Co.*, 6 F.3d at 355.

A motion to reconsider under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Matter of Life Partner Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)).  Courts have held that the moving party must show that the motion is necessary based on at least one of the following criteria: (1) "correct[ing] manifest errors of law or fact upon which the judgment is based;" (2) "present[ing] newly discovered or previously unavailable evidence;" (3) "prevent[ing] manifest injustice," and (4) accommodating "an intervening

change in the controlling law." *Fields v. Pool Offshore, Inc.*, No. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998).

### III.  DISCUSSION

Plaintiff contends he is entitled to reconsideration of this Court's Order and Reasons excluding the testimony of Dr. Cook and granting defendants' motion for summary judgment because he was not able to depose key BP witnesses on the issue of defendants' biomonitoring efforts before he responded to defendants' motions.  Plaintiff advanced the very same argument about defendants' biomonitoring failures, and highlighted the possibility that defendants would be sanctioned for their alleged discovery abuses in the *Torres-Lugo* case, in response to defendants' motion *in limine*.[15]  This Court granted defendants' motion in the face of plaintiff's argument.  The fact that sanctions were granted in the *Torres-Lugo* case does not change the Court's conclusion.  Plaintiff's "recitation of duplicative and meritless arguments that have already been exhaustively considered does not entitle [him] to a second bite at the apple" through reconsideration under Rule 59(e).  *Vesoulis v. Reshape Lifesciences, Inc.*, No. 19-1795, 2021 WL 2267676, at *1 (E.D. La. June 3, 2021).

---

15      *See* R. Doc. 50 at 2-3.

Plaintiff does not indicate what the new evidence he wants to use to rebut defendants' motion for summary judgment reveals. But even if the new evidence conclusively establishes that BP failed to take adequate biomonitoring measures, reconsideration is not warranted, because the biomonitoring issue is not outcome determinative of defendants' motion *in limine* on the issue of admissibility of Dr. Cook's report, or on the merits of defendants' summary judgment motion. *See Nestle v. BP Expl. & Prod., Inc.*, No. CV 17-4463, 2022 WL 6550095, at *1 (E.D. La. Sept. 12, 2022) (noting that "[t]he additional discovery plaintiff seeks would not produce information germane to the motions at issue"). Plaintiff does not contend the new evidence on the issue of biomonitoring from the recent depositions would supply the missing dose-response relationship or cure the lack of fit between Dr. Cook's opinion and the facts of his case, which were the bases for this Court's decision. *Compare Bailey v. KS Management Services, LLC*, 35 F.4th 397, 402 (5th Cir. 2022) (holding that district court abused its discretion by ruling on summary judgment motion without first permitting plaintiff to take discovery of evidence "likely to create a material fact issue" that could "alter the district court's conclusion").

Other sections of this Court have made similar observations, noting that "the point of an expert on general causation is to explain whether the

6

exposure to a particular chemical is capable generally of causing a certain health issue in the general population," and that "is not dependent on data from the particular incident at issue." *Carpenter v. BP Expl. & Prod. Inc.*, No. 17-3645, 2022 WL 2757416, at *1 n.1, 6 (E.D. La. July 14, 2022) (Ashe, J.) ("BP's alleged failure to monitor the oil-spill workers is irrelevant to the resolution of these motions."); *see also Beverly v. BP Expl. & Prod. Inc.*, No. 17-3045, 2022 WL 2986279, at *4 (E.D. La. July 28, 2022) (Barbier, J.), *reconsideration denied,* No. 17-3045, 2022 WL 4242515 (E.D. La. Sept. 14, 2022) ("[T]his [general causation] inquiry does not depend upon environmental sampling data taken as part of the incident."); *Reed v. BP Expl. & Prod. Inc.*, No. 17-3603, R. Doc. 66 at 2 (E.D. La. July 28, 2022) (Milazzo, J.) ("[T]he Court finds that the outcome of the additional discovery in *Torres-Lugo* does not affect the issues presented in Defendants' Motions.").

Plaintiff does not claim to have discovered new evidence that bears on the admissibility of Dr. Cook's testimony, nor does he point to intervening changes in controlling law. He further fails to establish that this Court's order works a manifest injustice. His bare assertion that the new deposition testimony implicates questions that "go to the heart of the general causation

7

issue" is insufficient to establish that he is entitled to the "extraordinary remedy" of reconsideration under Rule 59(e). *Templet*, 367 F.3d at 479.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's motion for reconsideration is DENIED.

New Orleans, Louisiana, this __17th__ day of November, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE